**GREENBERG TRAURIG, LLP**
Willis M. Wagner (SBN 310900)
will.wagner@gtlaw.com
Sean A. Newland (SBN 300928)
sean.newland@gtlaw.com
Rocco Pallin (SBN 360385)
rocco.pallin@gtlaw.com
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709

Attorneys for Defendant
COLGATE-PALMOLIVE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAL NELKIN and CHRISTINE PRADO, individually, and on behalf of all similarly situated persons,<br><br>   Plaintiffs,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY, individually and as successor-in-interest to HELLO PRODUCTS LLC, a Delaware corporation,<br><br>   Defendant. | CASE NO. 2:25-cv-06770-FLA-PD<br><br>**DEFENDANT COLGATE-PALMOLIVE COMPANY'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A) AND THE FIRST-TO-FILE RULE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(*Filed and Served Concurrently With Declaration of Sean A. Newland; and [Proposed] Order*)<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br><br>Removed:   July 24, 2025<br>State Action Filed: May 16, 2025 |

1

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Colgate-Palmolive Company ("Colgate") hereby moves to transfer venue to the United States District Court for the Southern District of New York ("SDNY") pursuant to 28 U.S.C. § 1404(a) and the first-to-file rule. Pursuant to the Court's October 29, 2025 Order Approving as Modified Stipulation Extending Defendant Colgate-Palmolive Company's Deadline to Respond to the First Amended Complaint [Dkt. 20], this motion "shall be taken under submission as of December 5, 2025, and the Court will set a hearing on the Motion if it deems one necessary or appropriate[.]"

The case should be transferred based on two separate and independent grounds:

First, transfer is warranted under 28 U.S.C. § 1404(a) because the case could have been brought in the SDNY, and transfer of venue would provide greater convenience to the parties and witnesses and promote the interests of justice. In particular, transfer would facilitate consolidation and coordination with two litigations against Colgate in the SDNY that arise out of the same core facts at issue here: *Brower v. Colgate-Palmolive Company*, Case No. 1:25-CV-03348-JPO (filed April 22, 2025), and *Browne v. Colgate-Palmolive Company*, Case No. 1:25-cv-05698-KPF. *Nelkin*, *Brower*, and *Browne* each allege that Colgate made affirmative misrepresentations and omissions by failing to disclose that certain of its toothpaste products contain or risk containing lead and mercury. *Browne* was brought by the same plaintiffs' attorneys as this case and was accepted by the SDNY as related to *Brower*. Both *Brower* and *Browne* are already being coordinated before the same judge, and discovery has not yet commenced. Litigation of substantially overlapping claims in two different districts would result in wasted time, energy, and resources that § 1404(a) is designed to prevent, as well as risk leading to inconsistent rulings.

Second, transfer is separately and independently warranted under principles of judicial comity and efficiency pursuant to the first-to-file rule. *Brower*—an earlier-filed action pending in the SDNY—and its related case, *Browne*, allege the same core facts and issues against Colgate as this case does. Accordingly, the parties and issues are

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

substantially similar, and this case should be transferred to the SDNY under the first-to-file rule. Alternatively, and at a minimum, the first-to-file rule requires this case to be stayed pending the outcome of *Brower* and *Browne*.

Pursuant to Local Rule 7-3, Counsel for Colgate certifies that meet and confer efforts have been exhausted. Counsel for the parties met and conferred via videoconference on October 13 and 28, 2025, to discuss the substantive arguments raised in the Motion, including the pendency of *Brower and Browne*, the discretionary transfer factors under 28 U.S.C. § 1404(a), and the factors for transfer under the first-to-file rule. Counsel for plaintiffs disagreed that these grounds warranted transfer, and the parties were unable to reach resolution.

This Motion is made and based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Sean A. Newland, all pleadings in this action, and such other written and oral argument as the Court may entertain on this Motion.

Dated: November 4, 2025          GREENBERG TRAURIG, LLP

By:    */s/Sean A. Newland*
          Willis M. Wagner
          Sean A. Newland

          Attorneys for Defendant
          COLGATE-PALMOLIVE COMPANY

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

# **TABLE OF CONTENTS**

Page

I. **INTRODUCTION** .................................................................................................10

II. **PROCEDURAL AND FACTUAL BACKGROUND** ............................................11

III. *NELKIN* **SHOULD BE TRANSFERRED TO THE SDNY UNDER 28 U.S.C. § 1404(A)** ..............................................................................................................16

    A. **Legal Standard for Transfer Under 28 U.S.C. § 1404(a)** .......................16

    B. **Venue Is Proper in the Central District of California** ............................17

    C. **This Case Could Have Been Filed in the SDNY** ....................................18

    D. **The Private and Public Interest Factors Weigh in Favor of Transfer** ...................................................................................................18

        1. *Feasibility of Consolidation with Brower and Browne Strongly Favors Transfer to the SDNY*..............................................................18

        2. *Transfer to the SDNY Enhances the Convenience of the Parties and Witnesses*.................................................................................20

        3. *Transfer to the SDNY Promotes Ease of Access to Evidence*.............21

        4. *The SDNY is Capable of Applying California Law* ............................21

        5. *The SDNY Shares an Interest in the Controversy*...............................22

        6. *Judicial Efficiency Outweighs Docket Considerations*.......................22

        7. *Judicial Efficiency Outweighs Plaintiffs' Choice of Forum*...............23

IV. **TRANSFER IS ALSO WARRANTED UNDER THE FIRST-TO-FILE RULE** .................24

    A. **Legal Standard for Transfer Under the First-to-File Rule** ....................24

    B. **The First-Filed Action Is in the SDNY, Which Is a Proper Venue** ........25

    C. **The Parties are Substantially Similar** .................................................25

    D. ***Nelkin* Raises the Same Issues Already Being Litigated in *Brower* and *Browne* in the SDNY** ........................................................................26

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

E.    **Although a Transfer is the Most Efficient Recourse, the Court Should, at a Minimum, Stay *Nelkin* Pending a Resolution in *Brower* and *Browne*** ...................................................................28

V.    CONCLUSION ...........................................................................29

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ...............................................................24

*Assembly v. Barr*,
    No. 3:20-cv-03098-WHO, 2020 WL 6544468 (N.D. Cal. Nov. 6, 2020)..........17

*Baker v. Cinamaker, Inc., No. 2:23-CV-10611-FLA (AGRX)*,
    2024 WL 4171361 (C.D. Cal. Aug. 5, 2024) .....................................16

*Bates-Ferreira v. Swedish Match N. Am., LLC*,
    No. 2:24-cv-00987-TLN-CKD, 2025 WL 950506 (E.D. Cal. Mar. 27,
    2025) ...................................................................................26

*In re Bozic*,
    888 F.3d 1048 (9th Cir. 2018) .............................................................24

*Brower v. Colgate-Palmolive Company*,
    Case No. 1:25-CV-03348-JPO (filed April 22, 2025—prior to this case).........10

*Browne v. Colgate-Palmolive Company*,
    Case No. 1:25-cv-05698-KPF ...........................................................10

*Cardoza v. T-Mobile USA, Inc.*,
    No. 08-5120 SC, 2009 U.S. Dist. LEXIS 25895 (N.D. Cal. Mar. 18,
    2009) ..............................................................................19, 21

*Cedars-Sinai Med. Ctr. v. Shalala*,
    125 F.3d 765 (9th Cir. 1997) ............................................................28

*Continental Grain Co. v. The FBL-585*,
    364 U.S. 19 (1960)...........................................................................23

*Dean v. City & Cnty. Of San Fransisco*,
    No. 1:23-cv-00542-KES-SKO, 2025 U.S. Dist. LEXIS 103351 (E.D. Cal.
    May 30, 2025).................................................................................16

*Dowell v. WinCo Holding, Inc.*,
    No. 5:23-cv-00976-JLS-JDE, 2023 WL 5276609 (C.D. Cal. July 17,
    2023) ...........................................................................................26

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990)........................................................................23

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

*Gnanaraj v. Lilium N.V.*,
    No. CV 22-2564 FMO, 2023 U.S. Dist. LEXIS 241945 (C.D. Cal. Feb. 10, 2023) .......................................................................................... 16

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*,
    820 F.Supp. 503 (C.D. Cal. 1992) ................................................... 16

*Granillo v. FCA United States LLC*,
    No. EDCV 15-02017-VAP (DTB), 2016 U.S. Dist. LEXIS 189900, at *8 (C.D. Cal. Jan. 11, 2016) ................................................................. 25

*Greben v. Cinmar, LLC*,
    No. 2:24-cv-10140-MRA-BFM, 2025 U.S. Dist. LEXIS 123220 (C.D. Cal. May 30, 2025) ................................................................. 22

*Halcon v. Hain Celestial Grp., Inc.*,
    No. 21-cv-02156-JST, 2021 U.S. Dist. LEXIS 267528 (N.D. Cal. Nov. 19, 2021) .......................................................................................... 21

*Hawkins v. Gerber Prods. Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) ............................... 17, 19, 20, 23

*Herman v. W. Union Co.*,
    No. 2:17-CV-00650-CBM-AJW, 2017 U.S. Dist. LEXIS 221047 (C.D. Cal. Mar. 30, 2017) ................................................................. 19

*Hill v. Robert's Am. Gourmet Food, LLC*,
    No. 13-cv-00696-YGR, 2013 U.S. Dist. LEXIS 96435 (N.D. Cal. July 10, 2013) .......................................................................................... 27

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ........................................................................ 18

*Ickes v. AMC Networks Inc.*,
    No. 23-cv-00803-SI, 2023 U.S. Dist. LEXIS 113647 (N.D. Cal. June 30, 2023) ............................................................................................... 20

*Johnson v. Optumrx, Inc.*,
    No. SA CV 17-0900-DOC (KES), 2017 U.S. Dist. LEXIS 197728 (C.D. Cal. Sept. 18, 2017) ................................................................. 27

*Jolly v. Purdue Pharma L.P.*,
    No. 05-CV-1452H, 2005 U.S. Dist. LEXIS 44599 (S.D. Cal. Sept. 27, 2005) ............................................................................................... 23

*Jones v. GNC Franchising Inc.*,
    211 F.3d 495 (9th Cir. 2000) ........................................................... 16

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
    787 F.3d 1237 (9th Cir. 2015) ......................................................... 24

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
    No. 2:18-cv-06147-ODW-GJS, 2018 U.S. Dist. LEXIS 200634 (C.D.
    Cal. Nov. 27, 2018)...........................................................................18

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) ...........................................................28

*Matousek v. Noom, Inc.*,
    No. 2:23-cv-01639-DSF-JPR, 2023 WL 11926555 (C.D. Cal. Nov. 6,
    2023) ..............................................................................................24, 25

*Meza v. P&G*,
    No. 23-91 JGB, 2023 U.S. Dist. LEXIS 81376 (C.D. Cal. Apr. 27, 2023)........20

*Montenegro v. Johnson & Johnson Consumer, Inc.*,
    No. 2:24-cv-01895-SB-BFM, 2024 U.S. Dist. LEXIS 204949 (C.D. Cal.
    Sept. 16, 2024)..................................................................................22

*Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*,
    No. 10-3134 KJM EFB, 2011 WL 2073796 (E.D. Cal. May 24, 2011) ...........24

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) .............................................................24

*Paracha v. General Mills*,
    No. CV 18-07659-CJC, 2019 U.S. Dist. LEXIS 239571 (C.D. Cal. Jan. 7,
    2019) ................................................................................................26

*Pedro v. Millennium Prods., Inc.*,
    No. 15-cv-05252-MMC, 2016 U.S. Dist. LEXIS 69989 (N.D. Cal. May
    27, 2016) ..........................................................................................27

*Plumleigh v. Metro. Fine Arts & Antiques Inc.*,
    No. SACV 14-1721-JLS, 2015 U.S. Dist. LEXIS 201118 (C.D. Cal. Jan.
    21, 2015) ..........................................................................................21

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
    No. 16-cv-06371-BLF, 2017 WL 1065334 (N.D. Cal. Mar. 21, 2017) ............28

*Rams v. Def Jam Recordings*,
    No. CV15-2733 PSG (Ex), 2015 U.S. Dist. LEXIS 200741 (C.D. Cal.
    Nov. 3, 2015) ...................................................................................21

*Roye v. Egglands Best, Inc.*,
    No. CV 24-2083-GW-BFMx, 2024 U.S. Dist. LEXIS 109096, at *6
    (C.D. Cal. May 22, 2024) .................................................................25

*Salazar v. Ga.-Pac. Corrugated LLC*,
    No. 1:23-cv-01020-SKO, 2023 WL 6387148 (E.D. Cal. Sept. 28, 2023) .........26

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

*Schwartz v. Frito-Lay N. Am.*,
    No. C -12-02740(EDL), 2012 U.S. Dist. LEXIS 188186 (N.D. Cal. Sep.
    11, 2012) ....................................................................................................21, 26

*Silk v. Bond*,
    No. 2:21-cv-03977-ODW, 2024 U.S. Dist. LEXIS 35447 (C.D. Cal. Feb.
    29, 2024) ...............................................................................................................20

*Stewart Org. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ...............................................................................................16

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .............................................................................................16

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
    967 F. Supp. 2d 1289 (N.D. Cal. 2013) ...............................................................11

*Young v. L'Oreal USA, Inc.*,
    526 F. Supp. 3d 700 (N.D. Cal. 2021) .................................................................25

**Federal Statutes**

28 U.S.C. Section 84(c)(2) ...........................................................................................17

28 U.S.C. §§ 1332(d) and 1453 ...................................................................................12

28 U.S.C. Section 1391(b)(2) .......................................................................................17

28 U.S.C. § 1404(a) ......................................... 10, 11, 16, 17, 18, 19, 23, 28

28 U.S.C. § 1406(a) .....................................................................................................17

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ...........................................................................13, 21

Cal. Civ. Code § 1750 ...........................................................................................13, 21

Cal. Civ. Code § 1790 ...................................................................................................13

**Rules**

Rule 12 ...........................................................................................................................12

**Other Authorities**

Federal Judicial Caseload Statistics, Table C-5-U.S. District Courts-Civil
    Statistical Tables of the Federal Judiciary (December 31, 2024),
    https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-
    tables-federal-judiciary/c-5 (last visited October 13, 2025) ...............................22

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a) and the first-to-file rule, Defendant Colgate-Palmolive Company ("Colgate") moves to transfer this case to the United States District Court for the Southern District of New York ("SDNY"), where this case could and should have been brought.

This case arises out of the same core facts and involves the same core legal issues as two separate actions—*Brower v. Colgate-Palmolive Company*, Case No. 1:25-CV-03348-JPO (filed April 22, 2025—prior to this case) and *Browne v. Colgate-Palmolive Company*, Case No. 1:25-cv-05698-KPF—pending in the SDNY, where Colgate is headquartered. *Nelkin*, *Brower*, and *Browne* each allege that Colgate, the only named defendant in each case, made affirmative misrepresentations and omissions by failing to disclose that certain of its toothpaste products contain or risk containing lead and mercury. All three actions stem from testing initiated by Lead Safe Mama, LLC, using the same lab and applying the same testing methodology. Each action seeks the same kind of relief under various overlapping claims and legal theories. Recognizing these similarities, *Brower* and *Browne* have already been deemed as related actions and are already coordinated before the same judge.[1] Plaintiffs' counsel here are also representing plaintiffs in *Browne* and some of the plaintiffs in *Brower.* The cases therefore present substantially similar factual questions, as well as substantially similar legal issues.

Transfer is warranted under Section 1404(a) because venue is proper in the SDNY, and transfer serves the interests of justice, including the paramount concern of judicial efficiency. In particular, transfer would facilitate consolidation and coordination with *Brower and Browne*, which will continue there regardless of the outcome of this Motion. Proceeding separately in California would result in unnecessary duplication of judicial efforts, and would risk inconsistent rulings. Proceeding separately would also result in

---

[1] The operative complaints in *Brower* and *Browne* are attached to the Declaration of Sean A. Newland ("Newland Decl.") as Exhibits A and B, respectively.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

unnecessary expense and inconvenience to the parties and the witnesses. The majority of the witnesses are located in and around the SDNY, and the business and marketing decisions at issue in these cases—along with the witnesses and documents relevant to those decisions—originated in and around the SDNY. Therefore, the weight of the considerations, including the overarching concern of judicial efficiency, favors transfer.

Moreover, transfer is separately and independently warranted under the first-to-file rule. *Brower* was filed earlier than *Nelkin*, and transfer avoids the potential risk of inconsistent or duplicative judgment on significantly overlapping facts and legal issues. Indeed, the *Browne* action—which involves the same products as *Nelkin*—was already deemed related to *Brower*. Therefore, transfer to the SDNY is warranted under the first-to-file rule because the lawsuits involve substantially similar parties and issues.

Alternatively, at a minimum, this case should be stayed under the first-to-file rule pending the outcome of *Brower* and *Browne*. The first-to-file rule is designed to avoid duplicative litigation, and to prevent the possibility of conflicting judgments. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013). Permitting *Nelkin* to proceed independently from *Brower* and *Browne* would—in the absence of a stay—result in the precise harm that the first-to-file rule is designed to prevent. A stay would, at minimum, allow this Court to review the final judgment in *Brower* and *Browne*, and would allow the parties the opportunity to potentially streamline the factual and legal issues before this case proceeds.

For these reasons, as is set forth more fully below, the Court should transfer this case to the SDNY under 28 U.S.C. § 1404(a) and the first-to-file rule, or, in the alternative, stay this case pending the outcome of *Brower* and *Browne*.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural History

Plaintiff Tal Nelkin initially filed this action in the Superior Court of the State of California, County of Los Angeles on May 16, 2025 (No. 25STCV14669, the "State Court Action") naming Hello Products LLC ("Hello") as the defendant. On July 24, 2025, the

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

case was removed to this Court pursuant to 28 U.S.C. §§ 1332(d) and 1453 (ECF No. 1). On September 18, 2025, plaintiff filed a First Amended Class Action Complaint, which added Christine Prado as an additional plaintiff and replaced Hello with Colgate-Palmolive Company as the named defendant, individually and as successor-in-interest to Hello. (ECF No. 16 ("FAC").)[2] Colgate's deadline to answer or otherwise move in response to the First Amended Class Action Complaint is 21 days following the Court's ruling on this Motion. (ECF No. 24.) Colgate anticipates filing a Rule 12 motion to dismiss.

**B. Colgate is Headquartered in the SDNY**

Colgate is a consumer products company headquartered in New York City. (Notice of Removal, ECF 1, at 2:17-18; 7:3-7.) Among other products, Colgate sells toothpaste under the Colgate brand name (e.g., Colgate Total Active Prevention Whitening Fluoride Toothpaste) and under the Hello brand name (e.g., Hello Kids Dragon Dazzle Fluoride Toothpaste and Hello Kids Smiling Shark Fruit Punch Fluoride Free Toothpaste).

Colgate's marketing teams for Colgate and hello-branded toothpastes are located in New York and New Jersey, and are responsible for the packaging and advertising of the challenged toothpastes. Accordingly, marketing decisions for all the products at issue in *Nelkin*, *Brower*, and *Browne* are made in New York and New Jersey. Colgate's research and development, quality, and product safety teams, are also located in New York and New Jersey.

**C. Plaintiffs' Claims Arise Out of the Alleged Undisclosed Presence of Lead and Mercury in Certain of Colgate's Toothpastes**

Plaintiffs in *Nelkin* allege that all of Colgate's Hello-branded toothpastes contain or risk containing heavy metals like lead and mercury, thus posing an undisclosed health risk that is allegedly inconsistent with various affirmative representations made in the

---

[2] Hello Products LLC became a wholly-owned subsidiary of Colgate following its acquisition by Colgate in January 2020. Hello Products LLC was dissolved in 2024, with all of its assets and liabilities assigned to Colgate. Hello's products are now distributed by Colgate.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

packaging and advertising for the toothpastes. (FAC at 2:9-16.) Plaintiffs do not allege any physical injury, but rather claim they "would not have purchased the Products, or at a minimum would have paid less for them, had [they] known that the Products contained (or risked containing) any amount of heavy metals like lead and mercury." (FAC at 29:19-29:21; 31:10-31:12.) Plaintiffs' claims stem from testing commissioned by third-party "Lead Safe Mama" on various toothpaste products, including two Hello products. (FAC at 5:16-21.) Plaintiffs' counsel also allegedly tested additional Hello toothpastes independently. (FAC at 6:12-7:14.) Plaintiffs assert five causes of action: (1) violation of California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.); (2) violation of the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.); (3) Breach of Implied Warranty of Merchantability under the Song-Beverly Act (Cal. Civ. Code §§ 1790, et seq.); (4) breach of express warranty; and (5) unjust enrichment/quasi-contract. Plaintiffs have brought this action on behalf of a putative class of California consumers, but they "reserve[] the right to expand, limit, modify, or amend the class definition." (FAC at 32, ¶ 92.)

**D. The *Brower* and *Browne* Actions Pending in the SDNY Allege Substantially Similar Factual and Legal Issues as *Nelkin***

*1.    Procedural History of Brower and Browne*

*Brower* was filed in the SDNY on April 22, 2025—before *Nelkin* was filed—and is pending before Hon. J. Paul Oetken. (*Brower*, ECF No. 1.) The *Brower* complaint was amended twice, adding various causes of action and plaintiffs. (*Brower,* ECF Nos. 21, 37.) As amended, the *Brower* Action now has eleven named plaintiffs, who assert claims as to eight different Colgate toothpastes under the laws of six different states, including California. (*Brower*, ECF No. 37.) The same attorneys representing plaintiffs here have filed their appearance on behalf of certain plaintiffs in *Brower*. Like *Nelkin*, *Brower* remains at an early, pre-discovery stage and Colgate's Motion to Dismiss the Second Amended Class Action Complaint will be fully briefed by November 21, 2025.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

*Browne* was filed in the SDNY on July 11, 2025, by the same counsel representing plaintiffs in *Nelkin*, against Hello as the sole defendant. (*Browne*, ECF No. 1.) On July 29, 2025, the plaintiffs filed a First Amended Class Action Complaint, which added two additional plaintiffs and named Colgate, individually and as successor-in-interest to Hello, as the sole defendant. (*Browne*, ECF No. 11.) On September 19, 2025, Colgate filed a Notice of Related Action with respect to *Brower* (*Browne*, ECF No. 20), which Judge Oetken accepted, resulting in *Browne* being formally transferred to him. Colgate subsequently moved to extend its time to file its anticipated motion to dismiss in *Browne* until after the *Brower* motion is fully briefed and the parties have had a post-briefing conference with Judge Oetken, to allow Judge Oetken to determine whether there should be separate briefing in *Browne* or if the action should be stayed pending a ruling on the motion to dismiss in *Brower* given the substantial overlap between the two cases. (*Browne*, ECF No. 24.) Judge Oetken agreed with Colgate and granted the requested relief, over the plaintiffs' opposition. (*Browne*, ECF No. 26.)

   2.   *Legal and Factual Similarities in Brower and Browne*

As in *Nelkin*, the claims in *Brower* and *Browne*:

- arise out of plaintiffs' allegations that certain toothpaste products contain or risk containing lead and mercury, thus posing an undisclosed health risk;

- are based on testing solicited by the same third party—Lead Safe Mama, LLC—using the same lab and applying the same testing methodology (and, in the case of *Nelkin* and *Browne*, rely on the exact same test results reported by Lead Safe Mama);

- name Colgate as the sole defendant;

- involve substantially similar theories of liability against Colgate, alleging that Colgate made affirmative misrepresentations and omissions on toothpaste packaging and advertising due to the purported presence of lead and mercury;

- were brought on behalf of state-specific putative classes, with *Brower* and

14

*Nelkin* both naming a California class or subclass;[3]

- do not allege any physical injury;

- assert a price premium theory of economic harm, alleging that plaintiffs would not have purchased the toothpastes or would have paid less for them, if not for the purported omissions and misrepresentations;

- seek similar relief, including a monetary judgment, statutory damages, and injunctive relief ordering Colgate to modify the labeling of its toothpastes;

- implicate substantially similar factual inquiries, including, for example, whether the amounts of lead and mercury allegedly detected pose a material health risk, whether a reasonable consumer would have been misled, and whether consumers paid a price premium for the products at issue; and

- raise similar legal issues, such as whether plaintiffs' claims are preempted by federal law, and whether plaintiffs have asserted actionable misrepresentations and/or material omissions.

*See* Newland Decl. Exs. A and B.

Plaintiffs' counsel here (specifically, Alexander E. Wolf and William J. Edelman of Milberg Coleman Bryson Phillips Grossman, PLLC) are among the plaintiffs' counsel in the *Brower* Action, and are counsel for plaintiffs in *Browne*. The toothpaste products at issue in *Nelkin* and *Browne* are also identical (i.e., "all Hello-branded toothpastes"). (*Browne*, Newland Decl. Ex. B at ¶¶ 20-22.)

Given the substantial similarity in the factual and legal issues raised in *Brower*, *Browne*, and *Nelkin*, as well as the overlap in the relief sought, Colgate risks being subject to conflicting orders and judgments if *Nelkin* proceeds separately.

///

///

---

[3] In addition to a nationwide class and California subclass, *Brower* seeks state subclasses for New York, Minnesota, Illinois, New Jersey, and Arizona consumers. *Browne* seeks putative state classes for New York, New Hampshire, and Washington consumers.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

### III. *NELKIN* SHOULD BE TRANSFERRED TO THE SDNY UNDER 28 U.S.C. § 1404(A)

#### A.    Legal Standard for Transfer Under 28 U.S.C. § 1404(a)

This action should be transferred to the SDNY under 28 U.S.C. § 1404(a), which provides courts the discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." *Baker v. Cinamaker, Inc.,* No. 2:23-CV-10611-FLA (AGRX), 2024 WL 4171361, at *2 (C.D. Cal. Aug. 5, 2024) (transferring case to Georgia under 28 U.S.C. § 1404(a)); *Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (noting that in the Ninth Circuit, district courts have "discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988))). Section 1404(a) seeks to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

As a threshold matter, the party seeking transfer must establish that venue is proper in the transferor district and that the transferee district is one where the action could have been brought. *Gnanaraj v. Lilium N.V.*, No. CV 22-2564 FMO (MRWx), 2023 U.S. Dist. LEXIS 241945, at *3 (C.D. Cal. Feb. 10, 2023) (citing *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992)). If so, then the court considers several non-exclusive private and public interest factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice, including: (1) feasibility of consolidation of other claims; (2) convenience of the parties and the witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) any local interest in the controversy; (6) the relative court congestion and time to trial in each forum; and (7) plaintiff's choice of forum. *Dean v. City & Cnty. Of San Fransisco*, No. 1:23-cv-00542-KES-SKO, 2025 U.S. Dist. LEXIS 103351, at *10 (E.D. Cal. May 30, 2025). ///

In conducting the § 1404(a) analysis, "[c]oncerns over judicial efficiency are paramount." *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). Accordingly, "while the [above] factors may guide the Court in determining whether transfer is warranted, those factors must also be weighed against another, potentially dispositive factor: the significant, unnecessary—and ultimately avoidable—burden on limited judicial resources if transfer is denied." *Id.* Moreover, because the *Brower* and *Browne* cases will continue to be litigated in the SDNY regardless of the outcome of this Motion, the Court "cannot simply weigh the benefits and costs of [California] versus [New York] as the forum for [plaintiffs'] case; instead, the question is whether this suit should be consolidated with [*Brower* and *Browne* in New York], or whether it should proceed simultaneously – and separately – in [California]." *Id.* at 1213.

## B.    Venue Is Proper in the Central District of California

Under 28 U.S.C. Section 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" Plaintiffs live in Los Angeles County, within the Central District of California. (FAC ¶¶ 8-9.)[4] Plaintiffs allege that venue is proper in this district because, "a substantial part of the events giving rise to the claims" occurred here, and Colgate "markets and sells the products to consumers in this district, including at least one plaintiff." (FAC at 4:3-6.) Accordingly, plaintiffs have alleged they live within this district, and that Colgate marketed and sold the products to at least one of them in this district. These allegations are sufficient to make this district a potential appropriate venue for this action under applicable law, even if another more appropriate venue exists.[5]

---

[4] Under 28 U.S.C. Section 84(c)(2), the Western Division of the U.S. District Court for the Central District of California "comprises the counties of Los Angeles, San Luis Obispo, Santa Barbara, and Ventura."

[5] Even if venue were not proper in this district, the Court could alternatively order a transfer under 28 U.S.C. § 1406(a), rather than under 28 U.S.C. § 1404(a). *See, e.g.*, *Assembly v. Barr*, No. 3:20-cv-03098-WHO, 2020 WL 6544468, at *1 & n.1 (N.D. Cal. Nov. 6, 2020) (converting motion to transfer under 28 U.S.C. § 1404(a) into motion under 28 U.S.C. § 1406(a) after determining *sua sponte* that venue was improper in transferor

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

**C.    This Case Could Have Been Filed in the SDNY**

Personal jurisdiction, subject matter jurisdiction, and proper venue exist in the SDNY. *See Hoffman v. Blaski*, 363 U.S. 335, 336 (1960) (the phrase "where it might have been brought" means a district where plaintiff could have sued defendant originally); *LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 2:18-cv-06147-ODW-GJS, 2018 U.S. Dist. LEXIS 200634, at *5 (C.D. Cal. Nov. 27, 2018) (Section 1404(a) requires showing "that subject matter jurisdiction, personal jurisdiction, and venue would have been proper" in the requested district). Colgate is subject to personal jurisdiction in the SDNY because it is headquartered in New York City. Colgate also does not dispute subject matter jurisdiction under CAFA for purposes of this litigation. (*See* Notice of Removal (ECF No. 1); FAC at 3:26-4:2). Further, venue is proper in the SDNY because plaintiffs allege that their claims stem from marketing decisions made by Colgate (s*ee, e.g.*, FAC at 2:9-24), which are made in and around New York City where Colgate is headquartered. Accordingly, a substantial part of the alleged events or omissions giving rise to plaintiffs' claims occurred in the SDNY. (*See also Browne*, Newland Decl. Ex. B at ¶ 14 (acknowledging that venue is proper in the SDNY for substantially similar claims arising out of the same alleged events and omissions).)

**D.    The Private and Public Interest Factors Weigh in Favor of Transfer**

Weighing each of the factors to be considered in the § 1404(a) analysis, and keeping in mind the paramount importance of judicial efficiency, *Nelkin* should be transferred to the SDNY so that it can be coordinated with *Brower* and *Browne*.

      *1.    Feasibility of Consolidation with Brower and Browne Strongly Favors Transfer to the SDNY*

The first factor, feasibility of consolidation and coordination with other claims, is a key factor that weighs strongly in favor of transfer, particularly as it would give even

---

district and granting transfer, giving movant the same "result they [sought]"). Similarly, this case should be transferred to the SDNY regardless of whether venue was originally proper here.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

greater effect to the interests of justice. This Court has explained that:

> [t]he feasibility of consolidation is a **significant factor** in a transfer decision. Where the factual allegations asserted in multiple actions are identical and there is significant overlap between the causes of action alleged, the feasibility of consolidation of other claims factor weighs in favor of the cases being brought in the same district. Moreover, the "interests of justice" consideration is the most important factor a court must consider, and may be **decisive in a transfer motion** even when all other factors point the other way. In evaluating the "interests of justice," the pendency of related actions in the proposed transferee forum is a highly persuasive factor.

*Herman v. W. Union Co.*, No. 2:17-CV-00650-CBM-AJW, 2017 U.S. Dist. LEXIS 221047, at \*5-6 (C.D. Cal. Mar. 30, 2017) (emphasis added, internal citations and quotation marks omitted).

Here, consolidation and coordination is feasible and warranted because plaintiffs' allegations in *Nelkin* raise substantially the same issues already being litigated in *Brower* and *Browne*. *See* Section II.D.2, *supra*. The cases also present substantially similar legal issues at the motion to dismiss stage and beyond. *See id.* Briefing on these issues is already in progress in *Brower* (*see* 1:25-cv-03348-JPO, ECF Nos. 45-47) and Colgate risks being subject to conflicting orders on these issues if this case proceeds separately. Indeed, the risk of duplicative efforts and inconsistent rulings would exist at every stage of the litigation if these actions were allowed to proceed separately. *See* Section II.D.2, *supra*. This is precisely the wastefulness of time, energy and money that §1404(a) was designed to prevent. *See Cardoza v. T-Mobile USA, Inc.*, No. 08-5120 SC, 2009 U.S. Dist. LEXIS 25895, at \*15 (N.D. Cal. Mar. 18, 2009); *see also Hawkins*, 924 F. Supp. 2d at 1217 (finding transfer to serve the interests of justice where transfer was to a district where "nearly identical actions are proceeding before a single judge" and "transfer of this action would promote efficiency and fairness to the litigants").

In addition, *Brower* and *Browne* will proceed regardless of whether this case is transferred, so there will be minimal cost associated with coordinating another very similar case. Whereas, if the Court were to deny transfer, the overall cost of litigation to the judicial

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

system and to Colgate would substantially increase. *See id.* (transferring action to district with pending consolidated cases to "avoid unnecessary duplication of labor and costs, and conserve scarce judicial resources").

Accordingly, this factor weighs strongly in favor of transfer.

### 2. Transfer to the SDNY Enhances the Convenience of the Parties and Witnesses

The second factor—the convenience of the parties and witnesses—also strongly favors transfer. The majority of anticipated witnesses are either present in the SDNY, or are nearby in New Jersey and will already be traveling to the SDNY in connection with *Brower* and *Browne*. *See Silk v. Bond*, No. 2:21-cv-03977-ODW (JPRx), 2024 U.S. Dist. LEXIS 35447, at *8-9 (C.D. Cal. Feb. 29, 2024) (granting transfer where "majority of the witnesses [were] geographically located closer to [the transferee forum]," finding the forum more convenient); *Meza v. P&G*, No. 23-91 JGB (SHKx), 2023 U.S. Dist. LEXIS 81376, at *34-41 (C.D. Cal. Apr. 27, 2023) (finding convenience of the parties and witnesses favored transfer "because [] the scope of [defendant's] operations" in the transferee district were important to the dispute and "the significant majority of the witnesses" were located in the transferee district). Likewise, plaintiffs' counsel are involved in the related actions pending in the SDNY, so they will already be litigating these issues in the SDNY.

By contrast, Colgate witnesses and third-party witnesses that overlap across all three actions would be greatly inconvenienced by litigating the same claims in two different venues on opposite ends of the country, as opposed to litigating all three in the SDNY, where Colgate is headquartered. *See, e.g.*, *Ickes v. AMC Networks Inc.*, No. 23-cv-00803-SI, 2023 U.S. Dist. LEXIS 113647, at *14-15 (N.D. Cal. June 30, 2023) (holding that transfer is favored when the claims center around defendant's decisions and conduct in the venue of defendant's headquarters, even though the original venue was more convenient for the named plaintiff); *Hawkins*, 924 F. Supp. 2d at 1214 (holding that transfer "would serve the interest of justice due to the possible consolidation of discovery and the

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments" that could occur if similar actions are litigated in different venues). Indeed, in cases such as this where "the allegations . . . focus on defendant's conduct, the convenience of witnesses favors transfer." *Cardoza*, 2009 U.S. Dist. LEXIS 25895, at *13.

### 3.    Transfer to the SDNY Promotes Ease of Access to Evidence

The third factor, ease of access to evidence, favors transfer or, at the very least, is neutral. Most evidence will be electronically available, but to the extent it is not, it will be easier to access from the area in which Colgate is headquartered. *See Halcon v. Hain Celestial Grp., Inc.*, No. 21-cv-02156-JST, 2021 U.S. Dist. LEXIS 267528, at *8-9 (N.D. Cal. Nov. 19, 2021) (recognizing that courts do not weigh this factor heavily given the ease of electronic document storage, but finding that costs of litigation can be reduced if litigated in the district where most evidence is located and where the case's "center of gravity" is).

### 4.    The SDNY is Capable of Applying California Law

The fourth factor, familiarity with applicable law, is no bar to transfer. The SDNY will already be addressing California-specific claims in *Brower*, which includes three of the same causes of action as *Nelkin* (violation of the California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; and unjust enrichment). (FAC at 36-46.) California courts also routinely hold that the SDNY is fully capable of applying California law to adjudicate these claims. *See, e.g., Rams v. Def Jam Recordings*, No. CV15-2733 PSG (Ex), 2015 U.S. Dist. LEXIS 200741, at *12 (C.D. Cal. Nov. 3, 2015) ("SDNY is 'fully capable of deciding issues arising under...California law.'" (internal citations omitted)); *Plumleigh v. Metro. Fine Arts & Antiques Inc.*, No. SACV 14-1721-JLS (JCGx), 2015 U.S. Dist. LEXIS 201118, at *16 (C.D. Cal. Jan. 21, 2015) ("The Southern District of New York is capable of vindicating any of Plaintiff's claims that may arise under California law."); *Schwartz v. Frito-Lay N. Am.*, No. C -12-02740(EDL), 2012 U.S. Dist.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

LEXIS 188186, at *13 (N.D. Cal. Sep. 11, 2012) (finding that a New York court is capable of dealing with actions arising under California law).

### 5.    The SDNY Shares an Interest in the Controversy

The fifth factor, local interest in the controversy, favors transfer. Although this district has an interest in litigation involving two residents and California claims, the SDNY has an even greater interest in litigation involving a company headquartered in New York that sells products nationwide—not just in California. *See Greben v. Cinmar, LLC*, No. 2:24-cv-10140-MRA-BFM, 2025 U.S. Dist. LEXIS 123220, at *14-15 (C.D. Cal. May 30, 2025) (holding that local interest favored transfer because the defendant was based in the transferee state, "'the locus of decision-making' central to this matter occurred in [the transferee state]," and the transferee state had an "additional interest in ensuring that corporations that reside and are headquartered there do not engage in [consumer fraud].''); *Montenegro v. Johnson & Johnson Consumer, Inc.*, No. 2:24-cv-01895-SB-BFM, 2024 U.S. Dist. LEXIS 204949, at *15-16 (C.D. Cal. Sept. 16, 2024) (local interest supported transfer to New Jersey where the locus of case was in New Jersey and New Jersey had an "interest in resolving a matter pertaining to businesses headquartered there."). In any event, the SDNY will already be deciding claims by California residents under California law in connection with *Brower*. *See Greben*, 2025 U.S. Dist. LEXIS 123220, at *15 (observing that "federal judges routinely apply the law of a State other than the State in which they sit.").

### 6.    Judicial Efficiency Outweighs Docket Considerations

The sixth factor, court congestion and time to trial, is outweighed by considerations of judicial efficiency. Both this district and the SDNY have substantial caseloads, with this district having a higher overall number of cases than the SDNY.[6] But whether it might take

---

[6] During the 12-month period ending December 31, 2024, the SDNY had 9,839 pending cases, whereas the CD CA had 15,113. *See* Federal Judicial Caseload Statistics, Table C-5-U.S. District Courts-Civil Statistical Tables of the Federal Judiciary (December 31, 2024), https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-tables-federal-judiciary/c-5 (last visited October 13, 2025).

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

longer to resolve this case in one district versus another is less important than the risk that Colgate could be subject to two disparate outcomes in cases involving substantially overlapping issues. Thus, in cases like this one, "docket considerations alone cannot be the primary reason for retaining a case." *Hawkins* 924 F. Supp. 2d at 1217 (internal quotation marks and alterations omitted) (holding that considerations relating to docket congestion were outweighed by the increased litigation cost that would result from litigating substantially similar actions in two separate courts).

### 7.   *Judicial Efficiency Outweighs Plaintiffs' Choice of Forum*

The seventh factor, plaintiff's choice of forum, is outweighed by judicial efficiency. Plaintiffs chose to file their suit in this forum when they could have filed in the SDNY, but the balance of factors—including in particular the fact that two related actions are pending in the SDNY—tips the scales in favor of transfer. *See* Moore's Federal Practice, § 111.13[1][o][I] ("The fact that a related action is pending in the proposed transferee district is an important consideration that can override plaintiff's choice of forum because transfer of the second action will promote judicial economy and avoid the possibility of inconsistent results."). It is well established, and "[t]he Supreme Court has 'made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.'" *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)); *see also Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H, 2005 U.S. Dist. LEXIS 44599, at *7 (S.D. Cal. Sept. 27, 2005) ("The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor.").

Here, the claims in this action are substantially similar to those in *Brower* and *Browne*. *See* Section II.D.2, *supra*. *Brower* and *Browne* are already coordinated before a single judge. Accordingly, transferring this action to the SDNY so that it can be related before the same judge would serve judicial economy and the interests of justice by preventing duplicative litigation and inconsistent rulings, and conserve the parties' and the

---

23

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

Court's time and energy. This outweighs plaintiffs' choice of forum, and strongly favors transfer.

Accordingly, considering all the relevant factors, the interests of justice favor transferring this case to the SDNY where two substantially similar actions are pending and already coordinated before a single judge.

## IV. TRANSFER IS ALSO WARRANTED UNDER THE FIRST-TO-FILE RULE

### A. Legal Standard for Transfer Under the First-to-File Rule

"As a matter of comity, a court has the discretion to dismiss, stay or transfer a case when a complaint involving the same or similar issues and parties has already been filed in another district." *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, No. 10-3134 KJM EFB, 2011 WL 2073796, at *2 (E.D. Cal. May 24, 2011) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). Courts consider three factors: (1) which action was filed first; (2) the similarity of the parties; and (3) the similarity of the issues. *Id.* at 625-26. The parties and issues do not need to be identical to satisfy these factors; they only need to substantially overlap. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015) ("To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits."); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (first-to-file rule should not be applied "mechanically"). In addition, to transfer a case under the first-to-file rule, the district in which the earlier-filed action was brought must be a proper venue. *See In re Bozic*, 888 F.3d 1048, 1054 & n.4 (9th Cir. 2018).

The purpose of the first-to-file rule is to avoid "awarding . . . gamesmanship" and "maximize judicial economy, consistency, and comity." *Kohn*, 787 F.3d at 1240; *Matousek v. Noom, Inc.*, No. 2:23-cv-01639-DSF-JPR, 2023 WL 11926555, at *1 (C.D. Cal. Nov. 6, 2023) ("The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." (internal quotation marks omitted)).

///

**B.    The First-Filed Action Is in the SDNY, Which Is a Proper Venue**

*Brower* is the first-filed action pending against Colgate. It was filed on April 22, 2025 in the SDNY, where venue is proper because a substantial part of the alleged events or omissions giving rise to plaintiffs' claims occurred in and around New York City. This case, on the other hand, was filed on May 16, 2025.

As discussed in Section III.C, *supra*, venue is proper in the SDNY.

**C.    The Parties are Substantially Similar**

The second first-to-file factor (similarity of the parties) "merely demands that the parties be substantially similar and need not be identical." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 705 (N.D. Cal. 2021). Courts in this district routinely apply the first-to-file rule when the parties are not identical. In *Granillo v. FCA United States LLC*, for example, the putative classes in two actions raising analogous claims against the same defendant were deemed "mutually exclusive." No. EDCV 15-02017-VAP (DTB), 2016 U.S. Dist. LEXIS 189900, at *8 (C.D. Cal. Jan. 11, 2016). Nevertheless, the court found that transfer under the first-to-file rule was appropriate because "the earlier-and later-filed actions involve the same defendant and involve nearly identical issues." *Id*. at *10. The two actions, therefore, had "sufficiently similar parties to satisfy the third requirement for application of the first-to-file rule." *Id*.

Likewise, in *Roye v. Egglands Best, Inc.*, defendant sought to transfer a consumer class action under the first-to-file rule, even though "the proposed classes for both suits [did] not overlap." No. CV 24-2083-GW-BFMx, 2024 U.S. Dist. LEXIS 109096, at *6 (C.D. Cal. May 22, 2024). The court observed that plaintiffs' counsel did overlap, and they appeared to intentionally carve out separate classes. *Id*. at *6-*7. But because "the Defendants are the same and [because of] the overwhelming similarities in the allegations and legal theories," the court found that "the cases contain sufficiently similar parties" to warrant transfer. *Id*.

Here, just as in *Roye*, the classes in each case are not identical, but plaintiffs' counsel overlap in the three actions, Colgate is the sole defendant in all three actions, and the other

overwhelming similarities in the factual and legal issues presented by the cases (*see* Section II.D.2, *supra*) render the parties sufficiently similar to warrant transfer of *Nelkin* to the SDNY.

### D. *Nelkin* Raises the Same Issues Already Being Litigated in *Brower* and *Browne* in the SDNY

As set forth in Section II.D.2, *supra*, *Nelkin* raises the same issues already being litigated in *Brower* and *Browne*: whether Colgate made affirmative misrepresentations and omissions by failing to disclose that its toothpaste products contain or risk containing lead and mercury. Differences in the causes of action or in the exact products identified in each case do not prevent transfer.

To determine similarity, "courts in this circuit . . . look to the facts alleged rather than the specific claims pleaded." *Bates-Ferreira v. Swedish Match N. Am., LLC*, No. 2:24-cv-00987-TLN-CKD, 2025 WL 950506, at *4 (E.D. Cal. Mar. 27, 2025); *Dowell v. WinCo Holding, Inc.*, No. 5:23-cv-00976-JLS-JDE, 2023 WL 5276609, at *2 (C.D. Cal. July 17, 2023) ("[I]f Courts were to look for exact matches . . ., then the first-to-file rule would be easily evaded by . . . adding related causes of action not included in the first-filed action."); *Salazar v. Ga.-Pac. Corrugated LLC*, No. 1:23-cv-01020-SKO, 2023 WL 6387148, at *4 (E.D. Cal. Sept. 28, 2023) ("The fact that this action brings additional claims does not preclude applying the first to file rule.").

And courts routinely find similarity even if the products in the actions do not exactly match. In *Paracha v. General Mills*, No. CV 18-07659-CJC (JEMx), 2019 U.S. Dist. LEXIS 239571, at *6-10 (C.D. Cal. Jan. 7, 2019), the court held that "[t]he fact that the two cases involve slightly different sets of products does not preclude application of the first to file rule." *Id.* at *8. The court noted that although the later-filed action involved two different products, "the primary thrust of both complaints is the presence of glyphosate in General Mills' products. Courts have routinely found cases to be substantially similar even when they include different sets of products, provided the core allegations are the same." *Id.* at *8 (citing *Schwartz,* 2012 U.S. Dist. LEXIS 188186, at *1 (finding substantial

similarity where one case alleged claims related only to bean dip while the other case alleged claims related to bean dip and other Frito Lay products); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696-YGR, 2013 U.S. Dist. LEXIS 96435, at *15-16 (N.D. Cal. July 10, 2013) (finding substantial similarity where cases involved different but overlapping sets of Pirates Brands snacks); *Pedro v. Millennium Prods., Inc.*, No. 15-cv-05252-MMC, 2016 U.S. Dist. LEXIS 69989, at *12-13 (N.D. Cal. May 27, 2016) (finding substantial similarity where putative class in second-filed action included consumers who purchased a broader array of kombucha products)); *see also Johnson v. Optumrx, Inc.*, No. SA CV 17-0900-DOC (KES), 2017 U.S. Dist. LEXIS 197728, at *7-21 (C.D. Cal. Sept. 18, 2017). In any event, *Browne*—which has already been related to *Brower*—involves the exact same toothpaste products at issue in *Nelkin*.

Here, all three actions arise out of plaintiffs' allegations that certain toothpaste products contain or risk containing lead and mercury, thus posing an undisclosed health risk. All three actions stem from testing initiated by the same third party—Lead Safe Mama, LLC—using the same lab and applying the same testing methodology. The theories of liability are substantially similar, alleging that Colgate made affirmative misrepresentations and omissions on the packaging and advertising of the toothpastes, relating to the purported presence of lead and mercury. Should plaintiffs' claims survive dismissal, these theories of liability implicate substantially similar factual inquiries, including for example whether the amounts of lead and mercury allegedly detected pose a material health risk, and whether a reasonable consumer would have been misled. The actions assert a price premium theory of economic harm, alleging that plaintiffs would not have purchased the toothpastes or would have paid less for them, if not for the purported omissions and misrepresentations. The actions seek similar relief, including monetary judgment, statutory damages, and injunctive relief. Thus, for these and all the reasons discussed in Section II.D.2, *supra*, the actions implicate overlapping factual questions and legal theories.

///

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

Therefore, due to the substantial similarity of the factual and legal issues, transfer is warranted under *both* section 1404(a) and the first-to-file rule.

**E.    Although a Transfer is the Most Efficient Recourse, the Court Should, at a Minimum, Stay *Nelkin* Pending a Resolution in *Brower* and *Browne***

As discussed above, the factors weigh overwhelmingly in favor of transfer under both 28 U.S.C. § 1404(a) and the first-to-file rule. Transferring the case would result in the greatest efficiencies to the judicial system and to the parties. At a bare minimum, however, *Nelkin* should be stayed pending the outcome of *Brower* and *Browne*.

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (citations omitted). Thus, where the Court decides not to transfer an action under the first-to-file rule, a district court can instead exercise its discretion to stay an action pending the conclusion of an alternative proceeding. *See, e.g., Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (explaining that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *Power Integrations, Inc. v. ON Semiconductor Corp.*, No. 16-cv-06371-BLF, 2017 WL 1065334, at *3 (N.D. Cal. Mar. 21, 2017) (staying action pursuant to the first-to-file rule pending resolution of plaintiff's motion to dismiss in the alternative court).

While a stay would continue to burden this Court with matters that are already being adjudicated in the SDNY and would not eliminate the duplication of efforts or risk of inconsistent results, a stay would at least give this Court the opportunity to review the final judgment in *Brower* and *Browne* and potentially allow the parties to streamline their positions on the issues.

///

///

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

Accordingly, for all the reasons discussed herein, transferring this case to the SDNY is the appropriate remedy. However, if the Court is not inclined to transfer, this case should be stayed pending the outcome of *Brower* and *Browne*.

## V.    CONCLUSION

For these reasons, Colgate respectfully requests that its Motion be granted, and that this action be transferred to the Southern District of New York, or, in the alternative, stayed pending the outcome of *Brower* and *Browne*.


Dated: November 4, 2025         Respectfully submitted,

GREENBERG TRAURIG, LLP


By:    */s/Sean A. Newland*
      Willis M. Wagner
      Sean A. Newland

Attorneys for Defendant
COLGATE-PALMOLIVE COMPANY

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Colgate-Palmolive Company, certifies that this brief contains 6,673 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 4, 2025

*/s/Sean A. Newland*
Sean A. Newland

DEFENDANT COLGATE-PALMOLIVE COMPANY'S MOTION TO TRANSFER VENUE